**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RACQUEL LEWIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1649 |
| | : | |
| CITY OF PHILADELPHIA PARKING | : | |
| VIOLATIONS, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

PADOVA, J.                                                                    MAY  9, 2023

Racquel Lewis, a citizen of Delaware, filed this civil action against the "City of Philadelphia Parking Violations"[1] and the U.S. Department of Justice ("DOJ") apparently based on tickets she received for an expired vehicle inspection.  (ECF No. 2.)  Lewis also filed a Motion for Leave to Proceed *In Forma Pauperis* and a Motion to Seal.[2]  (ECF Nos. 1 & 3.)  For the following reasons, the Court will grant Lewis leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction.

---

[1] It is unclear to what entity "City of Philadelphia Parking Violations" refers.  Since Lewis uses the address of 913 Filbert Street in Philadelphia for this entity, (Compl. at 2), which correlates with the address for the Philadelphia Parking Authority ("PPA"), *see* https://philapark.org/ (May 4, 2023), the Court understands her to be suing the PPA, especially considering the substance of her claims.

[2] Lewis has not satisfied the heavy burden of establishing that this docket must remain sealed. *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (explaining that a "party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury' to the party seeking closure" (quoting Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).  Accordingly, the Court will deny her Motion to Seal.

## I.       FACTUAL ALLEGATIONS

Lewis's Complaint is sparse and vague.  The thrust of her Complaint is that she received

an improper ticket for having an expired vehicle inspection and related communications about

the ticket.  Lewis claims she was subjected to:  (1) constant letters about the expired inspection;

(2) "fraudulent notices"; (3) "duplicate notices"; (4) "police actions on parking/enforcement of

violations"; and (5) "ongoing retaliation due to protected activity."[3]

Documents attached to the Complaint reflect that Lewis submitted a complaint to the

Civil Rights Division of the DOJ based on the ticket.  (ECF 2-1 at 2.)  The substance of Lewis's

complaint to the DOJ indicated that Lewis "was given a ticket for an expired inspection May

2022" even though she had her car inspected in April 2022 and passed.  (*Id.* at 4-5.)  Lewis

claimed her inspection "is not expired and has not been."  (*Id*. at 5.)  She also stated that she

received notices showing she owed $106.00, which was "past due," and claimed that police were

"retaliating" against her because she "filed a claim against them in Philadelphia."  (*Id.* at 5.)

By checking the appropriate locations on the form Complaint, Lewis indicates that she

brings her Complaint in the instant civil action pursuant to the Court's diversity jurisdiction.

(Compl. at 2.)  She seeks an unspecified "complete injunction" and $1 million in damages to

compensate her for mental distress and financial hardship.  (*Id.* at 4.)

---

[3] It is unclear whether Lewis is complaining about additional tickets she received or whether she is claiming that the conduct at issue predominately relates to the ticket concerning the vehicle inspection.  To the extent Lewis is bringing claims about additional tickets, including tickets that may have issued in New York and Maryland, (*see* Compl. at 3), her allegations underlying those claims are entirely undeveloped and it is unclear how they translate into a basis for liability against the named Defendants.

## II.     STANDARD OF REVIEW

The Court will grant Lewis leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citation omitted)).

## III.    DISCUSSION

Lewis raises state law claims pursuant to the Court's diversity jurisdiction against the PPA, a local agency, and the DOJ, a federal agency.[4]  (*See* Compl. at 3.)  Diversity jurisdiction is set forth in 28 U.S.C. § 1332(a), which provides that "district courts shall have original

---

[4] There is no indication that Lewis intends to bring federal claims in this case pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331.  (*See* Compl. at 2-3.)  Notably, Lewis is a regular *pro se* litigant who has raised federal claims in the past, yet she has not done so here. *See Lewis v. City of Phila. Police, Law Enforcement*, Civ. A. No. 23-80 (E.D. Pa.); *Lewis-Davis v. U.S. Dep't of Justice*, Civ. A. No. 21-4052 (E.D. Pa.); *Lewis-Davis v. PEC-Gloria's Place*, Civ. A. No. 21-2180 (E.D. Pa.).  In any event, the Court cannot discern any plausible basis for a federal claim against the named Defendants based on the facts alleged.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between—

> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.  Notably, "[t]he United States and its agencies are not a "citizen" for diversity

jurisdiction and cannot be sued in diversity." *Mohn v. Cardona*, Civ. A. No. 22-773, 2022 WL

1121414, at *4 (E.D. Pa. Apr. 14, 2022) (citing *Commercial Union Ins. Co. v. U.S.*, 999 F.2d

581, 584 (D.C. Cir. 1993) and 28 U.S.C. § 1332(a)); *see also State of Texas v. Interstate

Commerce Comm'n*, 258 U.S. 158, 160 (1922) (holding that federal agencies "are not citizens of

any State, but have the same relation to one State as to another" (footnote omitted)).

Accordingly, because the DOJ cannot be sued under diversity jurisdiction, § 1332 does not

provide a basis for jurisdiction over Lewis's claims.[5]

---

[5] It is not clear what state law claims Lewis intends to bring.  The Court need not determine the contours of any such claims, however, given the conclusion that jurisdiction is lacking.  In any event, it is worth noting that the PPA "is a 'local agency' within the meaning of the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 (and see *id.* at § 8501), and hence enjoys the 'governmental immunity' conferred by the Act." *Five Star Parking v. Philadelphia Parking Auth.*, 662 F. Supp. 1053, 1055 (E.D. Pa. 1986) (citation omitted).  The Political Subdivision Tort Claims Act does not contemplate liability under the circumstances at issue in Lewis's Complaint.  *See* 42. Pa. Cons. Stat. § 8542(b).

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Lewis leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction.  The Court concludes under the circumstances of this case that amendment would be futile.  An appropriate Order follows, which finally dismisses this case.

**BY THE COURT:**

/s/ John R. Padova

_____

**JOHN R. PADOVA, J.**